[Crim. No. 11975. First Dist., Div. Four. June 17, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
DELWIN ROSS FULK, Defendant and Appellant.

**COUNSEL**

Crist, Crist, Griffiths, Bryant & Schulz, J. Norman Baker and Edward M. Keech for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Gloria F. DeHart and Ina Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CALDECOTT, P. J.**—On this appeal from an order granting probation appellant contends that his motion to suppress evidence should have been granted and that the trial court erred in accepting the district attorney's opinion that he was ineligible to be considered for diversion.

Appellant was charged by information with possession of marijuana (Health & Saf. Code, § 11530 (now § 11357)), and with driving under the influence of liquor or the combined influence of liquor and a drug (Veh. Code, § 23102). He entered pleas of not guilty, and his motion to suppress evidence ultimately was denied. Upon appellant's motion the marijuana charge was reduced to a misdemeanor. The district attorney determined that appellant's request for diversion (Pen. Code, §§ 1000-1000.4) was not applicable. Thereupon appellant changed his pleas to guilty. Imposition of sentence was suspended, and appellant was placed on probation for two years as to the marijuana charge. Imposition of sentence was suspended as to the second count.[1]

■ Appellant alleges that the marijuana found in his car was the product of an illegal search and should have been suppressed. At 12:30 a.m., on November 3, 1973, highway patrol officers observed appellant's vehicle make an unsafe lane change and swerve over the double yellow line. The car then pulled into a gas station, and appellant exited to make a telephone call from a booth. After he had completed his call, the officers, who detected a strong smell of alcohol on his breath, had appellant perform a field sobriety test. They determined that he was under the influence of liquor and arrested him. One officer then searched the vehicle for an open container of liquor. In examining a leather coat, the pockets of which were large enough to conceal a small liquor bottle, the officer discovered two plastic bags of marijuana.

Under the circumstances, a search of the vehicle for the possible pres-

---

[1]In *Sledge* v. *Superior Court,* 11 Cal.3d 70, 75-76 [113 Cal.Rptr. 28, 520 P.2d 412], the Supreme Court held that the decision of the district attorney that a defendant is ineligible for diversion is reviewable on appeal following trial and conviction. We have determined that appellant's guilty plea should not deprive him of review of the district attorney's decision in this case, because the record clearly reflects at least substantial compliance with section 1237.5 of the Penal Code. Appellant applied for additional record on appeal, including reporters' transcripts of the proceedings wherein diversion was discussed. His notice of appeal states under penalty of perjury that this diversion issue is to be raised on appeal. The trial court granted appellant's request and thereby in effect certified appellant's case for appeal. (*People* v. *Herrera,* 66 Cal.2d 664, 665 [58 Cal.Rptr. 319, 426 P.2d 887].)

ence of liquor containers was proper. (*People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; accord, *People* v. *Superior Court* (*Kiefer*) 3 Cal.3d 807, 813, fn. 2 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559].) The cases upon which appellant relies, such as *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], are distinguishable. (*Pugh* v. *Superior Court,* 12 Cal.App.3d 1184, 1187-1189 [91 Cal.Rptr. 168].) The trial court properly denied the motion to suppress evidence.

■ Appellant's contention that he was impoperly denied consideration for diversion raises an issue of first impression. At the time of the plea bargain and change of pleas, appellant's counsel requested that he be diverted on the marijuana charge pursuant to sections 1000 through 1000.4 of the Penal Code. Counsel noted that appellant had a "clean record" and that diversion would be appropriate. The district attorney stated that he did not believe diversion was applicable, because appellant was charged not only with possession of marijuana, but also with violation of section 23102 of the Vehicle Code. Because of the district attorney's opinion that diversion was inapplicable, the court refused to consider the possibility of diverting appellant.

That portion of section 1000.2 of the Penal Code giving the district attorney veto power over the court's decision to divert has been declared unconstitutional. (*People* v. *Superior Court* (*On Tai Ho*) 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405].) However, the granting of authority to the district attorney to determine eligibility (Pen. Code, § 1000.1) has been upheld. (*Sledge* v. *Superior Court,* 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412].)

The record herein reveals not that the district attorney vetoed a decision of the court to divert appellant, but that the district attorney determined that appellant was ineligible. In stating to the court that he did not believe diversion was "applicable," the district attorney was speaking in the language of section 1000.1: "(a) If the district attorney determines that this chapter may be applicable to the defendant, he shall advise the defendant or his attorney of such determination." While the granting to the district attorney of the power to determine eligibility is constitutional, the propriety of his ruling is, of course, reviewable on appeal. (*Sledge* v. *Superior Court, supra,* at pp. 75-76.)

Section 1000 of the Penal Code states that the chapter providing for diversion applies "whenever a case is before any court upon an accusatory pleading for violation of" any one of six specified drug offenses, and the defendant meets certain minimal standards of eligibility. He must have no

prior narcotics conviction and no record of probation or parole violations; there must be no evidence of his commission of a narcotics offense other than those listed in the statute; and the offense charged must not involve actual or threatened violence. (Pen. Code, § 1000, subd. (a), subsecs. (1)-(4); *People* v. *Superior Court* (*On Tai Ho*), *supra*, 11 Cal.3d at p. 62.) The district attorney decided that the diversion statute was inapplicable to appellant solely because he was additionally charged with violation of section 23102 of the Vehicle Code. Thus, the district attorney read into subdivision (a) of section 1000 a requirement not expressly stated therein— that the defendant must be before the court on an accusatory pleading charging one of the specified crimes, *and no other crime*. We hold that this interpretation was incorrect.

We note at the outset that, had there been evidence that appellant was driving under the influence of a drug, he would have been ineligible for diversion under subsection (3) of subdivision (a) of section 1000, which disqualifies a defendant where there is "evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision." There was no such evidence, however; and the district attorney did not rely on this theory in stating that diversion was inapplicable.

Although the possibility of the existence of an additional charge is not mentioned in the diversion statute, the scheme established by the Legislature therein is readily applicable in cases in which there is such a charge. Of course, appellant could not be diverted on the Vehicle Code charge; he might be granted probation or even sentenced to county jail. But neither of these alternatives forecloses the possibility that the court, in its discretion, may decide to divert appellant on the charge of possession of marijuana. We do not hold that appellant should be diverted, but rather that because he qualifies under section 1000 of the Penal Code he is entitled to the benefits of being considered for diversion, including the investigation and report of the probation department and the exercise of the court's discretion. (Pen. Code, §§ 1000.1, 1000.2.)

■ The enactment of sections 1000 through 1000.4 of the Penal Code clearly qualifies as remedial legislation. Under well-settled rules of judicial construction, such statutes are to be liberally construed to promote the general object to be accomplished. (*Viles* v. *State of California,* 66 Cal. 2d 24, 31 [56 Cal.Rptr. 666, 423 P.2d 818]; *California Grape etc. League* v. *Industrial Welfare Com.,* 268 Cal.App.2d 692, 698 [74 Cal.Rptr. 313].) The objects to be accomplished by the diversion statutes are two-fold: (1) To permit "the courts to identify the experimental or tentative user before

he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction." (2) To reduce the clogging of the criminal justice system. (*People* v. *Superior Court* (*On Tai Ho*), *supra*, 11 Cal.3d at pp. 61-62.)

■■ The purposes of the diversion statute would not be served by reading into it an additional qualification. It may be judicially noted that a great many drug arrests occur in conjunction with traffic stops, and that therefore many first-time drug offenders are or may be charged with Vehicle Code violations as well. To deprive these defendants of the right to be considered for diversion clearly violates the objectives of the statute. The Legislature has specified in the statute "what facts are material and relevant to eligibility." (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at p. 74.) Neither the district attorneys nor the courts should impose additional qualifications.

The order is reversed and the cause is remanded with directions to proceed in accordance with the views expressed in this opinion.

Rattigan, J., and Christian, J., concurred.