[Civ. No. 14712. Third Dist. Nov. 13, 1974.]

DUANE HARVEY, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

A. John Merlo, Baker, Cornell & Hait, Les Hait and Peter D. Rubin for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Peter J. McBrien, Deputy Attorney General, for Real Party in Interest.

## OPINION

**FRIEDMAN, J.**—An information charged petitioner with burglary, grand theft, receiving stolen property and possession of marijuana. Petitioner sought diversion as to the marijuana count and the probation officer filed a report recommending diversion. The trial court rejected the diversion motion. Petitioner seeks a writ of prohibition to prevent his trial on the marijuana count, charging abuse of discretion.

■ The trial court's order was in excess of jurisdiction because it rested upon an error of law, thus amounting to a failure to exercise the discretionary factors designated by law.

In denying diversion, the trial judge declared that persons who are involved in marijuana because of lack of education or through ignorance could be proper candidates for diversion, but that the evidence showed petitioner did not lack understanding and could take marijuana or leave it alone, thus that petitioner would not "benefit" from diversion.

The diversion law is confined to prosecutions for enumerated narcotics offenses; it does not extend to other crimes even when charged concurrently with an enumerated narcotics offense (Pen. Code, § 1000, subd. (a)). The procedure is not limited to those who through ignorance or lack of education wander into drug abuse. The prime question is whether the accused "would be benefited by education, treatment, or rehabilitation." (Pen. Code, §§ 1000.1, subd. (a), 1000.2.) The statute is intended "to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform. . . ." (*People* v. *Superior Court,* 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405].) The tentative user is to be identified and counseled before he becomes deeply involved in drugs. (*Id.,* p. 61.) The program does not exclude deliberate narcotics violators, but is designed to include those who can be motivated into future conformity with the law. The trial court failed to recognize that objective.

The trial court also rested its decision upon its expressed belief that the Legislature did not intend diversion on a drug charge where other felony charges were pending and suggested that defendant sought diversion on the marijuana charge as a matter of tactics in defending himself against the other felony charges. We reject the court's appraisal of the diversion statute. It does not interpose a bar where other criminal charges are pending. The existence of other charges did not make petitioner ineligible for diversion as a matter of law. (*People* v. *Fulk,* 39 Cal.App.3d 851, 854-855 [114 Cal.Rptr. 567].)

Penal Code section 1000, subdivision (a)(2), bars diversion where the offense charged involves "a crime of violence or threatened violence." Since none of the Health and Safety Code violations enumerated in section 1000 involves violence, the Legislature apparently intended in subdivision (a)(2) to refer to some additional offense committed as part of or concurrently with the narcotics offense. The fact that petitioner was charged with burglary arouses concern, because that crime is associated with possibilities of violence. The problem does not exist here, however. Exhibits attached to the petition show that petitioner was arrested on the burglary charge about 24 hours after the alleged burglary occurred; that when he was booked at the county jail, a baggie of marijuana was found on his person. Possession of the marijuana at the time of booking formed the basis of the marijuana charge. The Attorney General's return concedes that the marijuana offense did not involve violence or threatened violence. Under these circumstances, section 1000, subdivision (a)(2), did not bar diversion.

The diversion statute creates perplexity by its relative silence touching concurrent criminal charges. As *People* v. *Fulk* holds, the pendency of these charges is not a legal barrier to diversion of the narcotics offense. The difficulty is a practical rather than technical one. If conviction of the concurrent charges results in the defendant's imprisonment, his physical situation will present a practical impediment to the education and counseling program envisaged by the diversion statute. On the other hand, he might not be convicted; the other charges might be dismissed or he might be acquitted.

The court might consider the array of personal and social factors bearing upon diversion and decide that these factors justify immediate denial of the application. If these factors make the defendant acceptable for diversion, the court might then consider the concurrent criminal charges and decide that their probable outcome will not militate against the defendant's availability and amenability to the diversion program. Should the court so de-

termine, nothing in the diversion law prohibits an immediate diversion of the narcotics charge.

Alternatively, the court may believe that the defendant's suitability and availability for the diversion program depend heavily upon the future outcome of the accompanying criminal charges. In that event, nothing in the diversion law prevents the court from offering the defendant deferment of the diversion application pending disposition of the other criminal charges.

Let a writ of prohibition issue restraining the superior court from proceeding to trial on the marijuana charge until it has provided defendant a hearing and reconsidered his application for diversion in the light of this opinion.

Richardson, P. J., and Paras, J., concurred.