[Civ. No. 41724. First Dist., Div. One. Aug. 10, 1978.]

DOROTHY CARMEN PARRA, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SAN LEANDRO-
HAYWARD JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein, Robert R. Granucci and J. Patrick Collins, Deputy Attorneys General, for Real Party in Interest and Appellant.

James C. Hooley, Public Defender, and Harold G. Friedman, Assistant Public Defender, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**RACANELLI, P. J.**—The People appeal from a judgment mandating the municipal court to reconsider its decision whether to divert respondent Dorothy Carmen Parra pursuant to the provisions of Penal Code section 1000 et seq.[1] The sole question considered by the superior court and reviewable on appeal is whether the municipal court abused its discretion by imposing as a condition to diversion that an otherwise eligible defendant first admit the charged offense. We conclude that the imposition of such a condition is wholly unjustified and constituted an abuse of discretion; therefore, we affirm the judgment.

### Facts

The underlying facts are undisputed. Upon a determination of eligibility for consideration for diversion relating to misdemeanor violations of Health and Safety Code sections 11357 (possession of marijuana) and 11364 (possession of smoking paraphernalia), Dorothy's case was referred to the probation department for the required background

---

[1]The diversion statute in effect during the proceedings below was subsequently amended and revised (Stats. 1975, ch. 1267, § 1). However, the substantive provisions relevant to our discussion remain substantially the same. (See now generally Pen. Code, §§ 1000-1000.5.)

investigation and recommendation concerning her suitability for diversion. (Pen. Code, § 1000.1, subd. (b).) Thereafter, the department filed its report evaluating Dorothy as an "excellent candidate for diversion . . . not . . . [now] requiring involvement in a community program . . ." and accordingly recommended diversion under the informal supervision of the probation officer "in any program of counseling or treatment." After considering the report[2] during the required diversion hearing (Pen. Code, § 1000.2) the municipal court determined Dorothy would not benefit from diversion and accordingly denied same. Dorothy then petitioned the superior court for extraordinary relief seeking to restrain further criminal proceedings in the lower court. At the hearing on the return to the alternative writ, the court admitted into evidence (without objection) the verified declarations of Dorothy's counsel during the diversion proceedings and the judge who presided therein;[3] the substance of those declarations is reported in the margin.[4] In finding that the judge's

[2] The report reflected that during the course of the interview Dorothy, age 21, stated: ". . . I didn't know I was involved in any wrong doings. . . . [¶] I did not know I had possessed marijuana. The police confiscated approximately ½ a marijuana cigarette. [¶] I cannot respond accurately on why I violated the law as I did not realize I was doing so, until the charges were forwarded to me. . . . [¶] . . . I have learned a lesson from my experience 'Don't be found with someone elses violating possessions.' . . ." Dorothy admitted to occasional use of marijuana but denied any use of drugs.

[3] We note certain procedural irregularities below. While normally an order denying diversion is reviewable only on direct appeal from a judgment of conviction (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 155 [118 Cal.Rptr. 14, 529 P.2d 46]; *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75-76 [113 Cal.Rptr. 28, 520 P.2d 412]), review by mandamus is appropriate where an issue of statutory interpretation of widespread concern is involved. (*Morse,* at p. 155; cf. *Harvey* v. *Superior Court* (1974) 43 Cal.App.3d 66 [117 Cal.Rptr. 383].) Since appellant failed to raise any procedural objection here or below, we may accordingly review the matter on its merits. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 39, 43-44, pp. 3813-3814, 3817-3818.) Additionally, while the taking of evidence (albeit without objection) in the course of mandamus review is irregular, nevertheless since the scope of our review on appeal is identical to that of the superior court (*Winton* v. *Municipal Court* (1975) 48 Cal.App.3d 228, 236-237 [121 Cal.Rptr. 561]), no procedural bar to a resolution on the merits is encountered. (See generally 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 242, 244, pp. 4234, 4235-4236.)

[4] The declaration of Attorney Maude Pervere, as attested in open court, stated that the only reason given by the court in denying diversion was Dorothy's denial of guilt to the probation officer. Judge Carson's declaration stated in relevant part as follows: "[A]fter consideration of the Probation Department's report and the court records in the matter I found the defendant therein to be a person who would not be benefited by diversion and accordingly I denied diversion. [¶] That the defendant's statement in the Probation Department's report was not the *sole* reason for denying diversion. [¶] That it is my custom and practice to explain in open court my position to the defendant. [¶] That I explain to the defendant that should they deny the offense then they should go to trial. [¶] That it is my opinion that diversion of a defendant who denies the offense constitutes a fraud on the system because admission of the offense by the defendant is a necessary prerequisite to such defendant understanding the error of her way." (Italics added.)

professed belief that admission of guilt was required as "a necessary prerequisite to such defendant understanding the error of her way," the superior court concluded that no proper basis or substantial evidence existed to support the order denying diversion.

The principal issue raised by appellant is whether an informal admission of guilt may be judicially imposed as a condition of diversion. Our reading of the statute and relevant decisions compels a contrary conclusion.

I

The legislative purpose in enacting the statute was to provide a novel procedure for the education and treatment of a specified class of drug offenders in lieu of criminal prosecution (*Morse* v. *Municipal Court, supra,* 13 Cal.3d 149, 153), thereby sparing such selected first offenders "the stigma of a criminal record by prompt exposure to community educational and counseling programs." (*Id.,* at p. 157.) As remedial legislation the diversion statute is to be liberally construed to promote its twofold objective "(1) To permit 'the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction.' (2) To reduce the clogging of the criminal justice system. (*People* v. *Superior Court (On Tai Ho)* [1974] 11 Cal.3d 59, at pp. 61-62 [113 Cal.Rptr. 21, 520 P.2d 405].)" (*People* v. *Fulk* (1974) 39 Cal.App.3d 851, 855-856 [114 Cal.Rptr. 567].)

In the absence of a compelling necessity to imply other conditions within the statutory scheme (*Frederick* v. *Justice Court* (1975) 47 Cal.App.3d 687 [121 Cal.Rptr. 118] [condition of waiver of Fourth Amendment rights held improper]; cf. *Kramer* v. *Municipal Court* (1975) 49 Cal.App.3d 418 [122 Cal.Rptr. 672] [power to terminate diversion upon a finding of the defendant's failure to comply with conditions of diversion program "compellingly implied"]), the courts may neither impose additional requirements or qualifications (*People* v. *Fulk, supra,* 39 Cal.App.3d 851, 856) nor extend the benefits of diversion to include offenses not specified in the statute. (*People* v. *Koester* (1975) 53 Cal.App.3d 631 [126 Cal.Rptr. 73]; *People* v. *Cina* (1974) 41 Cal.App.3d 136 [115 Cal.Rptr. 758].) Once a defendant's preliminary determination

of eligibility has been made, the only conditions imposed under the statute consist of (1) his continuing consent to further diversion proceedings and waiver of his right to a speedy trial and (2) a finding that he would be "benefited by diversion." (Pen. Code, §§ 1000.1-1000.2; see *People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59, 62-63.) No admission of guilt is expressed as a precondition of eligibility; nor is such a condition to be implied as a necessary prerequisite of a defendant's recognition of his or her behavorial misconduct. Such an interpretation "free from restrictive conditions not actually written into the statute" is compelled under familiar principles of construction of penal statutes. (*Morse* v. *Municipal Court, supra,* 13 Cal.3d 149, 159.)[5]

■ Contrary to appellant's assertion, judicial acknowledgment of one of the salutary legislative objectives in permitting early identification of the beginning (drug) user in order "to show him the error of his ways" by prompt exposure to community educational and counseling programs (*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59, 61-62) may not be read as a requirement that such a person first admit the offense which itself resulted in the initiation of the alternative noncriminal proceedings. The personal rectitude sought to be achieved through noncriminal diversion proceedings envisions attainment of that goal by exposing the accused offender to *current* educational and counseling measures aimed at a *future* understanding and awareness of the error of his ways through the introduction of such beneficent measures. On the record presented it appears that Dorothy was denied that opportunity solely by reason of the improper condition imposed and not as a result of other relevant information considered by the court. (See Pen. Code, § 1000.2.)

II

■ Nor are we persuaded by appellant's companion argument that since the language of the statute accords protection from intrusion into Fifth Amendment areas,[6] such an implied condition is not precluded.

---

[5]Parenthetically, we note that the Legislature has expressly rejected any requirement to admit guilt as a condition of eligibility in other pretrial diversion programs. (See Pen. Code, §§ 1001-1001.11, particularly § 1001.3.) (Added by Stats. 1977, ch. 574, § 2, eff. Sept. 3, 1977.)

[6]Section 1000.1, subdivision (c), provides in relevant part: "(c) No statement, . . . made by the defendant to any probation officer . . . during the course of any investigation conducted by the probation department or drug treatment program pursuant to subdivision (b), and prior to the reporting of the probation department's findings and recommendations to the court, shall be admissible in any action or proceeding brought

The question is not whether such an implied condition is *precluded* but whether it is *compelled.* As previously observed, we conclude such implied condition is unnecessary to fulfill the dual objectives of the statute.

### III

■ Finally, we are unconvinced that the municipal court's judgment is sustainable on the theory that Dorothy's denial of drug usage or experimentation and admission of occasional marijuana usage (see fn. 2, *ante*) rendered her ineligible for diversion proceedings designed solely for the "experimental or tentative [drug] user." (*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59, 61.) A similar contention was urged and rejected in *Harvey* v. *Superior Court, supra,* 43 Cal.App.3d 66, whose reasoning applies with equal persuasion here: "The [diversion] procedure is not limited to those who through ignorance or lack of education wander into drug abuse. The prime question is whether the accused 'would be benefited by education, treatment, or rehabilitation.' (Pen. Code, §§ 1000.1, subd. (a), 1000.2.) The statute is intended 'to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform. . . .' (*People* v. *Superior Court [On Tai Ho]* 11 Cal.3d 59, 66 . . . .) The tentative user is to be identified and counseled before he becomes deeply involved in drugs. (*Id.,* p. 61.) The program does not exclude deliberate narcotics violators, but is designed to include those who can be motivated into future conformity with the law." (At p. 68.)

For all of the reasons discussed, we find no error in the trial court's judgment and conclusions that the order denying diversion was founded upon an improper basis manifesting an abuse of discretion requiring further proceedings consistent with the diversion statute.

Since the probation department, though unequivocally recommending diversion, failed to comply with the statutory directive to determine "which community programs . . . would benefit . . . [the defendant] . . .

---

subsequent to the investigation. [¶] No statement, . . . with respect to the specific offense with which the defendant is charged, which is made to any probation officer . . . shall be admissible in any action or proceeding. [¶] In the event that diversion is either denied, or is subsequently revoked . . . neither the probation investigation nor statements . . . divulged during that investigation shall be used in any sentencing procedures."

and which . . . would accept the defendant" (§ 1000.1, subd. (b)),[7] on rehearing the court shall assure that such compliance is met.

The judgment is affirmed.

Elkington, J., and Newsom, J., concurred.

---

[7]Absent some showing that *no* suitable programs were available, the mere omission would not constitute a legal basis per se for denying diversion as suggested by appellant. We have no difficulty in concluding that such administrative oversight could have been readily cured by simply requesting the necessary information be provided during the hearing or, in any event, through a supplemental probation report.