[Crim. No. 20115. First Dist., Div. Four. Aug. 28, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
SCOTT ANDREW MACAFEE, Defendant and Appellant.

COUNSEL

M. Jean Starcevich and Robert L. Mezzetti for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Scott Andrew Macafee appeals from an order admitting him to probation after the court found him guilty of possession of cocaine (Health & Saf. Code, § 11350). As part of a negotiated disposition appellant had waived trial by jury. Counts charging disorderly conduct (Pen. Code, § 647, subd. (f)) and battery (Pen. Code, § 242) were dismissed, and the drug count was submitted on the preliminary hearing transcript. The appeal challenges a prior determination by the prosecutor that Macafee was not eligible for diversion (Pen. Code, § 1000).

On the night of December 24-25, 1978, appellant approached a passenger in a vehicle and struck him on the side of the head. The victim complained to the police. An officer who came to investigate thought appellant was intoxicated. The officer arrested appellant for disorderly conduct, and the victim made a citizen's arrest for battery.

The officer took appellant to jail. A booking search revealed a razor blade in a folded piece of paper and a usable quantity of cocaine in a paper bindle.

■ Appellant challenges the prosecutor's determination that he was ineligible for diversion. (Pen. Code, § 1000, subd. (b).)[1] That determination is reviewable on appeal; if it is found to have been erroneous the judgment must be set aside and the cause remanded to permit the trial court to exercise its discretion to divert the appellant. (*Sledge v. Superior Court* (1974) 11 Cal.3d 70, 75-76 [113 Cal.Rptr. 28, 520 P.2d 412].)

---

[1]Penal Code section 1000: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and Safety Code, or Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use, or Section 381 or subdivision (f) of Section 647 of the Penal Code, if for being under the influence of a controlled substance, or Section 4230 of the Business and Professions Code, and it appears to the district attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged divertible offense.

(2) The offense charged did not involve a crime of violence or threatened violence.

(3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.

(4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed.

(5) The defendant's record does not indicate that he has been diverted pursuant to

■ For an accused to be eligible for diversion, Penal Code section 1000 requires, inter alia, that "[t]he offense charged did not involve a crime of violence or threatened violence." (Pen. Code, § 1000, subd. (a)(2).) "Since none of the Health and Safety Code violations enumerated in section 1000 involves violence, the Legislature apparently intended in subdivision (a)(2) to refer to some additional offense committed as part of or concurrently with the narcotics offense." (*Harvey* v. *Superior Court* (1974) 43 Cal.App.3d 66, 69 [177 Cal.Rptr. 383].) In the present case the district attorney determined that appellant was ineligible for diversion because the offense charged involved a crime of violence or threatened violence. The Attorney General contends that appellant's possession of cocaine involved a crime of violence because he possessed the cocaine at the time he committed the battery. (Compare *Harvey* v. *Superior Court, supra*, 43 Cal.App.3d at p. 69 [possession of marijuana, found during booking for burglary that had occurred 24 hours earlier, did not "involve" the burglary].)

■ The diversion legislation is to be liberally construed to promote its general objectives which are to (1) restore the experimental or tentative drug user to productive citizenship through educational and counseling programs without the lasting stigma of a criminal conviction, and (2) reduce the clogging of the criminal justice system. (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 62 [113 Cal.Rptr. 21, 520 P.2d 405]; *People* v. *Fulk* (1974) 39 Cal.App.3d 851, 855-856 [114 Cal.Rptr. 567].) These objectives would be frustrated if an experimental or tentative user were denied diversion merely because he had committed a crime of violence or threatened violence that was unrelated, other than in time, to an offense specified in Penal Code section 1000, subdivision (a). The diversion statute should be construed to avoid exclusion of such users from diversion. An offense specified in section 1000 does not "involve" a crime of violence or threatened violence unless the drug offense played some part in the commission of the violent crime, e.g., where the defendant committed a crime of violence

---

this chapter within five years prior to the alleged commission of the charged divertible offense.

(6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged divertible offense.

(b) The district attorney shall review his file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found ineligible, the district attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his attorney."

while under the influence or during the purchase of a controlled substance.

■ Appellant's possession of cocaine apparently played no part in the commission of the battery. There was no evidence that he was under the influence of cocaine at the time. The judgment must therefore be set aside and the cause remanded to permit the trial court to exercise its discretion to divert appellant. (*Sledge v. Superior Court, supra*, 11 Cal.3d at p. 76.)

■ The People contend that if the judgment is set aside the dismissed counts charging disorderly conduct and battery must be reinstated because the prosecutor agreed to their dismissal as part of a negotiated settlement. (See, e.g., *People v. Hill* (1974) 12 Cal.3d 731, 769 [117 Cal.Rptr. 393, 528 P.2d 1], dis. on another pt. in *People v. DeVaughn* (1977) 18 Cal.3d 889, 896 fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872].) The record, however, does not indicate that the subject of this appeal, the determination that appellant was not eligible for diversion, was included in the negotiated settlement. To the contrary, when appellant agreed to submission of the drug count on the preliminary hearing transcript his attorney expressly stated that he would take an appeal challenging the determination that appellant was not eligible for diversion. The decision of this court has not altered anything upon which the parties agreed in reaching the settlement. Thus the dismissed charges are not to be reinstated.

The probation order is reversed with directions to determine, in the exercise of discretion, whether appellant should receive diversion on the charge of possession of cocaine.

Rattigan, Acting P. J., and Poché, J., concurred.

A petition for a rehearing was denied September 16, 1980, and respondent's petition for a hearing by the Supreme Court was denied October 29, 1980.