Filed 8/7/15  P. v. Delafuente CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C077662 |
| Plaintiff and Respondent, | (Super. Ct. No. 62127193) |
| v. | |
| ROBERTO KIYOSHI DELAFUENTE, | |
| Defendant and Appellant. | |

Defendant Roberto Kiyoshi Delafuente appeals following his conviction for possession of a controlled substance.  (Health & Saf. Code, § 11350, subd. (a).)  He challenges the prosecuting attorney's determination of ineligibility for deferred entry of

judgment pursuant to Penal Code section 1000 (unspecified statutory references are to this code). We reverse the judgment and remand to the trial court for further proceedings to determine defendant's eligibility under that statute.

## FACTUAL AND PROCEDURAL BACKGROUND

While driving home, defendant lost control of his car and crashed into a pole. Responding officers found a syringe containing 0.66 gram of heroin inside the car. Defendant told officers he was in a hurry to get home to use the heroin.

Defendant was charged with possession of a controlled substance and misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)). He requested deferred entry of judgment under section 1000. The probation department submitted a report concluding he was "an appropriate candidate" under that statute. The trial court initially agreed but continued the matter for further briefing in light of the prosecuting attorney's indication of ineligibility.

The prosecuting attorney submitted its opposition to the trial court, arguing defendant was ineligible under section 1000 because he "engaged in an act of violence in connection to the charged narcotics offense by driving recklessly while in fresh possession of heroin" and he admitted having a 10-year drug addiction.

Defendant countered that reckless driving is not a crime of violence, and in any event, his drug possession did not play a part in his alleged reckless driving.

The trial court issued an order stating the prosecuting attorney's determination of ineligibility was "not subject to pre-trial review" and defendant's " 'sole remedy . . . is a postconviction appeal.' "

Defendant entered a plea of no contest to the charge of drug possession in exchange for dismissal with a *Harvey* waiver of the reckless driving charge.[1] The trial

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

2

court suspended imposition of sentence and placed defendant on formal probation for three years subject to various terms and conditions. Defendant filed a timely notice of appeal, and the trial court granted his request for a certificate of probable cause.

## DISCUSSION

Defendant contends the prosecuting attorney erred in finding him ineligible for deferred entry of judgment under section 1000 because reckless driving is not a crime of violence and there was no evidence of any other crime of violence, nor was his admitted drug history a ground to disqualify him.

Without conceding defendant did not in fact commit an act of violence, the People agree the "limited factual record" lacks evidence to show he committed a crime of violence in conjunction with the drug offense. The People further concede defendant's admitted history of drug use does not render him ineligible for diversion.

"A defendant is eligible for diversion under Penal Code section 1000 if—as here—he or she has been charged with violating Health and Safety Code section[] 11350 . . . and all of the following apply: '(1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense.' (Pen. Code, § 1000, subd. (a).)" (*People v. Ochoa* (2009) 175 Cal.App.4th 859, 861, fn. 1.)

3

Section 1000 imposes on the prosecuting attorney the duty to determine whether defendant meets the eligibility requirements set forth in subdivisions (a)(1) through (6), a determination which is based on information in the prosecuting attorney's file. (§ 1000, subd. (b).) "Upon the agreement of the prosecuting attorney, law enforcement, the public defender, and the presiding judge of the criminal division of the superior court, . . . this procedure shall be completed as soon as possible after the initial filing of the charges. If the defendant is found eligible, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney." (*Ibid.*) On the other hand, if the defendant is found ineligible, the prosecuting attorney "shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney." (*Ibid.*)

Where, as here, a defendant challenges the prosecutor's determination of ineligibility under section 1000, subdivision (b), that determination is reviewable on appeal, and "if it is found to have been erroneous the judgment must be set aside and the cause remanded to permit the trial court to exercise its discretion to divert the appellant. (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75-76 . . . [(*Sledge*)].)" (*People v. Macafee* (1980) 109 Cal.App.3d 808, 811 (*Macafee*).)

Here, there was no evidence defendant's drug possession played any part in the reckless driving and no evidence defendant was under the influence of heroin at the time of the crash. The prosecuting attorney presented no authority for the proposition that defendant's reckless driving constituted a violent crime, and no evidence of any other violent crime in connection with the drug possession. Moreover, without evidence such as a prior conviction for an offense involving controlled substances (§ 1000, subd. (a)(1)) or failure to successfully complete a prior diversion program (§ 1000, subd. (a)(5)), the fact that defendant told the arresting officers he had been using drugs for some time does

4

not, in and of itself, disqualify him from diversion under section 1000. Therefore, the prosecuting attorney's determination "lacks the requisite evidence" (*People v. Hayes* (1985) 163 Cal.App.3d 371, 375-376 (*Hayes*)) and "the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute" (*Sledge*, *supra*, 11 Cal.3d at pp. 75-76; see *Macafee*, *supra*, 109 Cal.App.3d at p. 811).

As for the exact nature of those further proceedings on remand, defendant contends the matter must be remanded to the trial court "with a finding that [he] is statutorily eligible for diversion," not for further evaluation of his eligibility by the prosecuting attorney as the People suggest. Section 1000 does not provide specific direction in that regard. However, because we presume the prosecuting attorney regularly performed his or her duty (Evid. Code, § 664) by reviewing *the entire file* "to determine whether or not paragraphs (1) to (6) . . . of subdivision (a)" applied to defendant (§ 1000, subd. (b)), the mistake in making a determination of ineligibility under section 1000, subdivision (a)(2) requires that we remand the matter to the trial court to exercise its discretion to divert defendant.

Defendant also argues he should be given the option of withdrawing his no contest plea. We agree. Under the circumstances presented here, the proper procedure is set forth in *Hayes*: "Since the district attorney's determination lacks the requisite evidence, the judgment will be reversed and the matter remanded to the trial court where the defendant shall be permitted to withdraw his plea of guilty and reenter his plea of not guilty.

"The district attorney is not precluded, upon remand, from pursuing a proper determination of ineligibility as to the defendant. If the district attorney does not determine the defendant to be ineligible, he should follow the procedure provided in Penal Code section 1000.1 and the trial court may 'exercise its discretion to divert the

defendant under the remaining portions of the statute.' (*Sledge*, *supra*, 11 Cal.3d at p. 76.)" (*Hayes*, *supra*, 163 Cal.App.3d at p. 376.)

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

          RAYE       , P. J.

We concur:

     ROBIE     , J.

     DUARTE     , J.