Filed 10/19/15  P. v. Carpenter CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041502 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1480723) |
| v. | |
| STEVEN LYNN CARPENTER, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

After the prosecutor determined that defendant Steven Lynn Carpenter was not eligible for the drug-offender deferred entry of judgment (DEJ) program (Pen. Code, § 1000, et seq.),[1] defendant pleaded no contest to first degree burglary (§§ 459, 460, subd. (a)), possession of a controlled substance (former Health & Saf. Code, § 11350, subd. (a)), and misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).  The trial court suspended imposition of sentence and placed defendant on probation with various terms and conditions, including that he not possess or consume alcohol.

On appeal, defendant contends that the prosecutor incorrectly determined that he was ineligible for DEJ.  Defendant also contends that the probation condition prohibiting the possession and consumption of alcohol is unconstitutionally vague and overbroad.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

For reasons that we will explain, we will reverse the order of probation and remand the matter to the trial court to exercise its discretion in determining whether DEJ is appropriate for defendant with respect to his drug offenses. We also determine that, if the court reimposes the alcohol condition in connection with a grant of probation, the condition must be modified to include a knowledge element.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint and Pleas*

In April 2014, defendant was charged by complaint with first degree burglary by entering an inhabited dwelling house with the intent to commit theft (§§ 459, 460, subd. (a); count 1); possession of a controlled substance, cocaine (former Health & Saf. Code, § 11350, subd. (a); count 2); possession of a controlled substance, Vicodin (former Health & Saf. Code, § 11350, subd. (a); count 3); and being under the influence of a controlled substance, cocaine (*id.*, § 11550, subd. (a); count 4, a misdemeanor). All the offenses allegedly took place on or about February 15, 2014. Defendant was arrested on that same date.

The prosecutor initially notified defendant in writing that he met the requirements of section 1000, subdivision (a), with respect to the drug offenses, and that he was therefore eligible for DEJ.

At a hearing in August 2014, defense counsel indicated that defendant would be "enter[ing] a change of plea" as to counts 1 (burglary), 2 (possession of a controlled substance), and 4 (being under the influence of a controlled substance), on the condition that the prosecution would dismiss count 3 and that defendant would be given DEJ as to counts 2 and 4. Shortly thereafter the prosecutor asked to approach the bench and an unreported discussion was held. Defense counsel subsequently stated on the record to the trial court, "I guess we should strike the DEJ form. I have reviewed the issue with [defendant]. He still wishes to go forward with this disposition today of a plea to counts 1, 2 and 4. The difference is he will not be able to get DEJ for Counts 2 and 4."

Defendant ultimately pleaded no contest to counts 1, 2, and 4, with the understanding that he would receive nine months in county jail. Count 3 was submitted for dismissal at the time of sentencing.

## B. *Sentencing*

The sentencing hearing was held on September 8, 2014. At the outset of the hearing, defense counsel asked to approach the bench and an unreported discussion was held. Defense counsel subsequently stated on the record that he wanted to "make the record clear regarding the issue of [DEJ]." Defense counsel indicated that when defendant was initially going to enter his no contest pleas, he was to receive a sentence on count 1, the burglary, and DEJ on counts 2 and 4. However, the prosecutor "changed [his] position" regarding DEJ and "withdr[ew]" DEJ as an option for defendant.

The prosecutor believed that defendant was ineligible for DEJ pursuant to section 1000, subdivision (a)(2), which renders a defendant ineligible if the charged offense involves a crime of violence or threatened violence. The prosecutor believed that defendant's residential burglary constituted a crime of violence or threatened violence regardless of whether any violence actually occurred. The prosecutor explained that his position was based on "the historical facts of first degree burglary." According to the prosecutor, a defendant "creates the threat of violence" by engaging in a first degree burglary, because "the domicile may be protected by the homeowner by the use of deadly force." The prosecutor acknowledged that in defendant's case, the homeowner was not present and there was no actual violence involved at the time of defendant's entry.

Defense counsel argued that the burglary offense was not a crime of violence and objected to the denial of DEJ. Defense counsel also objected to the denial of a hearing on the issue, after the trial court indicated it was within the prosecution's purview to determine DEJ eligibility.

The trial court subsequently suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that

3

he serve nine months in jail and that he not possess or consume alcohol. The remaining count was dismissed.

Defendant filed a notice of appeal and obtained a certificate of probable cause.

### III. DISCUSSION

#### A. *DEJ*

Defendant contends that the prosecutor incorrectly determined that he was ineligible for DEJ under section 1000, subdivision (a)(2), on the basis that the first degree burglary charge involved a threat of violence. Defendant argues that there is no evidence that any of the charged crimes actually involved violence or a threat of violence. Further, assuming first degree burglary is inherently a crime of violence, defendant contends that there is no evidence of a connection between the burglary and the drug charges.

The Attorney General contends that first degree burglary inherently involves the threat of violence. The Attorney General further contends that there is "some evidentiary basis" in the record for finding that defendant's cocaine use played a part in the commission of the burglary, because he pleaded no contest to being under the influence on February 15, 2014, the same day as the burglary offense.

#### 1. Overview of DEJ

"Section 1000 provides that certain first time drug offenders who meet specified conditions may, with the approval of the district attorney, bypass the normal criminal process and enter a drug treatment program. Prior to the statute's amendment in 1996, the program was called 'drug diversion.' [¶] Effective January 1, 1997, some requirements of section 1000 et seq. were changed. Gone from the statutory scheme was pretrial diversion without a guilty plea. In its stead, the accused is required to enter a guilty plea, and formal judgment is deferred." (*Terry v. Superior Court* (1999) 73 Cal.App.4th 661, 663-664, italics & fns. omitted (*Terry*); accord, *People v. Laino* (2004) 32 Cal.4th 878, 896; see *People v. Wright* (2002) 99 Cal.App.4th 201, 207-209 (*Wright*) [cases construing former § 1000 et seq. regarding pretrial diversion are relevant to

4

construing current statutory scheme regarding deferred entry of judgment where statutory language is the same].)

If the defendant performs satisfactorily during the deferral period, "the criminal charge or charges shall be dismissed." (§ 1000.3; see § 1000.4.) If the defendant does not perform satisfactorily during the deferral period, "the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing . . . ." (§ 1000.3.)

"The plain objective of section 1000 is to permit 'the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction' and thereby reduce 'the clogging of the criminal justice system.' [Citation.]" (*Terry*, *supra*, 73 Cal.App.4th 664.) "The procedure is not limited to those who through ignorance or lack of education wander into drug abuse. The prime question is whether the accused 'would be benefited by education, treatment, or rehabilitation.' [Citations.] The statute is intended 'to offer a second chance to offenders who are minimally involved in crime and maximally motivated to reform. . . .' [Citation.] The tentative user is to be identified and counseled before he becomes deeply involved in drugs. [Citation.]" (*Harvey v. Superior Court* (1974) 43 Cal.App.3d 66, 68 (*Harvey*).)

### 2. Criteria for DEJ

"Section 1000 sets forth two general criteria of eligibility for judicial consideration of [DEJ]. First, the offense, as charged, must come within the enumerated list of controlled substance offenses." (*People v. Hudson* (1983) 149 Cal.App.3d 661, 664 (*Hudson*).) Second, the district attorney must determine whether the defendant meets the conditions set forth in subdivision (a)(1) to (6). (*Hudson*, *supra*, at p. 664.) Relevant to

5

this appeal, subdivision (a)(2) states: "The offense charged did not involve a crime of violence or threatened violence." (§ 1000, subd. (a)(2).)

Regarding the determination of eligibility, section 1000, subdivision (b) provides as follows: "The prosecuting attorney shall review his or her file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply to the defendant. Upon the agreement of the prosecuting attorney, law enforcement, the public defender, and [the court], . . . this procedure shall be completed as soon as possible after the initial filing of the charges. If the defendant is found eligible, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney. This procedure is intended to allow the court to set the hearing for deferred entry of judgment at the arraignment. If the defendant is found ineligible for deferred entry of judgment, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney."

Under the statutory scheme, "a prosecutor's initial determination of ineligibility is not subject to pretrial judicial review, and the trial court may not overrule it. Rather, the defendant's sole remedy for an allegedly erroneous determination by the prosecutor is by way of appeal from the judgment. [Citations.]" (*Wright*, *supra*, 99 Cal.App.4th at p. 207; see § 1000, subd. (b).) If the prosecutor determines that the defendant is eligible for DEJ, the trial court must then determine whether DEJ is "appropriate" for the defendant. (§ 1000.1, subd. (b); see § 1000.2)

### 3. Ineligibility for "a crime of violence or threatened violence"

As set forth above, subdivision (a)(2) of section 1000 provides that one of the conditions of eligibility for DEJ is that "[t]he offense charged did not involve a crime of violence or threatened violence." (See Stats. 1972, ch. 1255, § 17 [same eligibility condition for diversion under former statutory scheme].) Most of the offenses to which

6

DEJ applies are found in the Health and Safety Code. (§ 1000, subd. (a).) "Since none of the Health and Safety Code violations enumerated in section 1000 involves violence, the Legislature apparently intended in subdivision (a)(2) to refer to some additional offense committed as part of or concurrently with the narcotics offense." (*Harvey*, *supra*, 43 Cal.App.3d at p. 69.)

However, "[a]n offense specified in section 1000 does not 'involve' a crime of violence or threatened violence unless the drug offense *played some part* in the commission of the violent crime, e.g., where the defendant committed a crime of violence while under the influence or during the purchase of a controlled substance." (*People v. Macafee* (1980) 109 Cal.App.3d 808, 812-813, italics added (*Macafee*).) The "legislation is to be liberally construed to promote its general objectives which are to (1) restore the experimental or tentative drug user to productive citizenship through educational and counseling programs without the lasting stigma of a criminal conviction, and (2) reduce the clogging of the criminal justice system. [Citations.] These objectives would be frustrated if an experimental or tentative user were denied [DEJ] merely because he had committed a crime of violence or threatened violence that was unrelated, other than in time, to an offense specified in Penal Code section 1000, subdivision (a). The . . . statute should be construed to avoid exclusion of such users from [DEJ]." (*Macafee*, *supra*, at p. 812 [construing former statutory scheme].)

For example, in *Macafee*, the defendant struck the victim who was in a vehicle, and the defendant was later found in possession of cocaine during the jail booking process. (*Macafee*, *supra*, 109 Cal.App.3d at p. 811.) The prosecutor determined that the defendant was not eligible for diversion. (*Ibid.*) The appellate court disagreed, observing that the defendant's "possession of cocaine apparently played no part in the commission of the battery. There was no evidence that he was under the influence of cocaine at the time." (*Id.* at p. 813.) The appellate court directed the trial court on remand to determine

7

in the exercise of its discretion whether the defendant should receive diversion under the former statutory scheme. (*Ibid.*)

Similarly, in *Harvey* the defendant was charged with burglary and possession of marijuana among other offenses. (*Harvey*, *supra*, 43 Cal.App.3d at p. 68.) In determining whether "a crime of violence or threatened violence" (§ 1000, subd. (a)(2)) was involved, the appellate court expressed "concern" regarding the burglary "because that crime is associated with possibilities of violence." (*Harvey*, *supra*, at p. 69.) The court concluded: "The problem does not exist here, however. Exhibits . . . show that [the defendant] was arrested on the burglary charge about 24 hours after the alleged burglary occurred; that when he was booked at the county jail, a baggie of marijuana was found on his person. Possession of the marijuana at the time of booking formed the basis of the marijuana charge. The Attorney General[] . . . concedes that the marijuana offense did not involve violence or threatened violence. Under these circumstances, section 1000, subdivision (a)(2), did not bar diversion." (*Harvey*, *supra*, at p. 69.)

### 4. Analysis

We need not decide whether a first degree burglary necessarily "involve[s] . . . violence or threatened violence." (§ 1000, subd. (a)(2).) Even assuming it does, nothing in the record indicates whether defendant's burglary was "committed as part of or concurrently with" the drug offenses (*Harvey*, *supra*, 43 Cal.App.3d at p. 69), or whether the drug offenses otherwise "played some part" in the commission of the burglary, such as defendant being under the influence when he committed the burglary (*Macafee*, *supra*, 109 Cal.App.3d at pp. 812-813). Although the record generally reflects that defendant committed and was arrested for the burglary and drug offenses on the same date, as the Attorney General acknowledges the record does not contain the specific facts underlying the charged offenses, or otherwise indicate the sequence of the offenses. For example, defendant might have committed the burglary and then later committed the drug offenses. Because the record fails to reflect whether the burglary and drug offenses were related,

8

other than apparently occurring on the same date, we determine on this record that defendant was not ineligible for DEJ under section 1000, subdivision (a)(2).

Defendant requests that the case be remanded to the trial court to determine whether defendant may participate in DEJ. (See §§ 1000.1, 1000.2.) We believe that this is the appropriate disposition. As we have explained, the record does not reflect that defendant is ineligible under section 1000, subdivision (a)(2) for a crime of violence or threatened violence. Further, the prosecutor did not state in a declaration or on the record any ground other than subdivision (a)(2) upon which he based his determination of defendant's ineligibility. (§ 1000, subd. (b).) Under the circumstances, where the record does not reflect a basis for determining that defendant is ineligible, we will remand the matter to the trial court to exercise its discretion in determining whether DEJ is appropriate for defendant with respect to his drug offenses. (§§ 1000.1, subd. (b), 1000.2; see *Sledge v. Superior Court* (1974) 11 Cal.3d 70, 76 [if the defendant prevails on appeal, "the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to divert the defendant under the remaining portions of the statute"].)

### B. *Probation Condition*

The trial court granted probation as to defendant's burglary offense and the drug offenses. As we have just explained, the order of probation must be reversed and the matter remanded to the trial court to exercise its discretion regarding whether DEJ is appropriate for defendant with respect to the drug offenses. Because the trial court may decide to reimpose the same probation conditions with respect to the burglary offense (as well as with respect to the drug offenses if the court determines that DEJ is not appropriate), we will consider defendant's challenge to one of those probation conditions.

Among other probation conditions, the trial court ordered that defendant "shall not possess or consume alcohol or illegal drugs or knowingly be anyplace that illegal drugs are used or sold or where alcohol is a major item of sale." On appeal, defendant contends

9

that the probation condition is unconstitutionally vague and overbroad because it does not include a knowledge element, and that the condition should be modified to state that he "not *knowingly* possess or consume" alcohol. The Attorney General concedes that the probation condition should be modified to include a knowledge element.

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578, this court agreed that a knowledge element should be added to a similar probation condition prohibiting the use or possession of alcohol and controlled substances. This court determined that, to the extent the probation condition reinforced the defendant's "obligations under the California Uniform Controlled Substances Act, the same knowledge element which has been found to be implicit in those statutes is reasonably implicit in the condition" (*id*. at p. 593), but that because the condition was "not limited to substances regulated by statute, but extend[s] to alcohol," an express knowledge requirement would "eliminate any potential for vagueness or overbreadth in applying the condition" (*id.* at p. 594).

In this case, the alcohol condition should include a knowledge element. If the court reimposes the alcohol condition in connection with a grant of probation as to one or more offenses, the condition must be modified to state that defendant "shall not *knowingly* possess or consume alcohol or illegal drugs or knowingly be anyplace that illegal drugs are used or sold or where alcohol is a major item of sale."

## IV. DISPOSITION

The order of probation is reversed and the matter is remanded to the trial court to exercise its discretion in determining whether the deferred entry of judgment program is appropriate for defendant with respect to counts 2 (possession of a controlled substance, cocaine; former Health & Saf. Code, § 11350, subd. (a)) and 4 (misdemeanor being under the influence of a controlled substance, cocaine; Health & Saf. Code, § 11550, subd. (a)). (Pen. Code, §§ 1000.1, subd. (b), 1000.2.)

10

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


I CONCUR:




_____
MIHARA, J.

Grover, J., Concurring

I concur in the judgment reversing the order for probation and remanding the matter for further proceedings regarding defendant's suitability for the deferred entry of judgment program. (Penal Code §§1000.1, subd. (b), 1000.2.)

I write separately because I do not believe any modification would be necessary to the probation condition challenged in this appeal, if it were to be imposed again on remand as discussed in the majority opinion. In my view, the trial court's condition that defendant "not possess or consume alcohol or illegal drugs or knowingly be anyplace that illegal drugs are used or sold or where alcohol is a major item of sale" already meets constitutional muster without the further reference to "knowing[]" possession or consumption which the majority would add. The majority notes that this court added an express knowledge requirement to a *similar* probation condition in *People v. Rodriguez* (2013) 222 Cal.App.4th 578, but overlooks that the vagueness remedied in that case was the use of the word "intoxicants", a term not present in the condition discussed here. (*Id*. at pp. 578, 593.) Following the reasoning of *Rodriguez*, I believe knowledge of the presence and nature of alcohol and illegal drugs is reasonably implicit in this condition.

_____

Grover, J.