[Crim. No. 11643. Third Dist. Sept. 30, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT J. PADFIELD, Defendant and Appellant.

■■■■■■■■■■

COUNSEL

Beede & Beede and Rodney J. Beede for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Gregory W. Baugher, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

SPARKS, J.—In this case we consider whether the statute of limitations is waived by a plea of nolo contendere. We are also called upon to decide whether the denial of pretrial diversion is reviewable on appeal after such a plea. We hold that the statute of limitations is waived by that plea when, as here, the accusatory pleading properly alleges that the statute has been tolled. We further conclude that the diversion issue is cognizable on appeal after a plea of nolo contendere.[1]

Defendant Robert J. Padfield appeals from a judgment (order of probation) entered after he entered a plea of nolo contendere to one count of grand theft. (Pen. Code, § 487, subd. 1.) Defendant contends that he should have been granted diversion under Penal Code section 1001, and that prosecution was barred by the statute of limitations. He misreads the diversion statutes and waived the statute of limitations issue. We shall therefore affirm his conviction.

FACTS

An amended complaint, filed in the municipal court in April 1980, alleged that defendant took money and property, specifically 11 rifles and shotguns, of a value in excess of $200 from K-Mart stores. The items were alleged to have been stolen between October 10, 1973, and October 9, 1974.[2] The complaint further alleged that the theft was discovered in January 1978.

---

[1]A plea of nolo contendere (no contest) has the same "legal effect ... as that of a plea of guilty, but the plea ... may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Pen. Code, § 1016, subd. 3.)

[2]Before defendant changed his plea from not guilty to nolo contendere the People sought permission to file an amended information which alleged that the thefts contin-

Witnesses testified at the preliminary examination that defendant resigned his position as Sacramento district manager for K-Mart Enterprises in May 1976 and that he moved from Sacramento to Reno, Nevada, in March 1977. At the conclusion of the testimony, defense counsel argued that the prosecution had failed to meet its evidentiary burden under *People* v. *Zamora* (1976) 18 Cal.3d 538 [134 Cal.Rptr. 784, 557 P.2d 75],[3] of establishing that the corporate victim could not, in the exercise of reasonable diligence, have discovered the thefts at an earlier time. The magistrate rejected this statute of limitations contention and held defendant to answer in the superior court.

An information was then filed in the superior court in May 1980. Its allegations were identical to those contained in the amended complaint. Defendant moved to dismiss the information under Penal Code section 995 on the grounds that there was no probable cause to hold him to answer and because "the case should have been dismissed in the Municipal Court because of a violation of the statute of limitations (P.C. § 800)."

Penal Code section 800 imposes a three-year statute of limitations for grand theft. Unlike most felonies, however, that period runs from legal discovery rather than from commission of the crime. (Pen. Code, § 800, subd. (c).) The information here, as we have noted, alleged that although defendant's crime occurred between October 1973 and October 1974, a period of more than three years before its filing in May 1980, the discovery of his thefts was not made until January 1978. The trial court denied the motion to dismiss. Defendant did not seek appellate writ review of that denial under Penal Code section 999a; nor did he seek a pretrial evidentiary hearing in the superior court on the statute of limitations issue.

---

ued until October 28, 1975. Because of defendant's change of plea, however, the motion to amend the information was not formally ruled upon, although the trial court indicated it would have permitted the amendment.

[3]Penal Code section 800, subdivision (c), provides that an information charging grand theft shall be filed "within three years after its discovery." In *Zamora* the Supreme Court held that this statute of limitations period starts running, not from the date of actual discovery of the theft, but rather from the time the victim, in the exercise of reasonable diligence, could have discovered it. The court further held that ". . . in order to hold a defendant over for trial the People bear the burden of producing evidence (either before the grand jury or at the preliminary hearing) which demonstrates that there is probable cause to believe that the prosecution is not barred by the statute of limitations." (18 Cal.3d at p. 565, fn. 26.)

Defendant also moved for diversion under Penal Code section 1001. He asserted that Penal Code section 1001 et seq. created a right to adult diversion. The People took the position that section 1001 did not create a diversion program for the type of offense with which defendant was charged. The court, agreeing that this section did not establish a diversion program and was merely procedural in scope, denied the motion.

The matter went to a jury trial. Near the end of the trial counsel belatedly discovered that defendant's residence outside of this state tolled the running of the statute of limitations.[4] As a result of this discovery, defendant entered into a plea bargain. Defendant agreed to plead nolo contendere to one count of grand theft in return for dismissal of another count with which he was charged and a guarantee that he would not be sentenced to state prison. Defendant also indicated that he reserved his right to appeal on the statute of limitations and diversion issues.

The trial court explained that although it would not hinder defendant's attempt to seek appellate review, it did not believe that defendant could raise the issues of the statute of limitations and the right to diversion on appeal after entering a plea of nolo contendere. Defense counsel responded: "I think I've got a right to go upstairs, I could be wrong. If the Court feels otherwise about it, that's been made very clear. I've told [defendant] we'll look into the possibility of appealing the case. [¶] That has absolutely nothing to do with the entering of a no contest plea to Count One in regard to this thing, and what we buy for that it is one simple thing. This nice discussion on the record and, in fact, that issue, [defendant] will not be sent to state penitentiary and that's it."

Defendant accepted probation and now seeks appellate review of the diversion and statute of limitations issues.

I

■ Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of

---

[4]Penal Code section 802 provides, in a breathtaking flourish of negatives, that "no time during which the defendant is not within this State, is a part of any limitation of the time for commencing a criminal action."

violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." A judgment entered on a plea of guilty or nolo contendere is therefore not reviewable on the merits. (*People* v. *Meals* (1975) 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585].) After such a plea the only issues which may be considered on appeal are those based upon constitutional, jurisdictional, or other grounds going to the legality of the proceedings and those only when the statutory requisites of Penal Code section 1237.5 are fulfilled. (*Ibid.* See also *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].)[5]

■ Arguing that the statute of limitations is jurisdictional, defendant asserts that he did not waive that issue by his plea of nolo contendere. Defendant paints with too broad a brush.

It is true that the statute of limitations in a criminal action, unlike that in civil suits, is a substantive, and not a procedural, right. (*People* v. *Zamora, supra*, 18 Cal.3d at p. 547; *People* v. *Morgan* (1977) 75 Cal.App.3d 32, 36 [141 Cal.Rptr. 863].) An accusatory pleading which shows on its face that the statute has run and which does not allege facts to toll the period fails to state a public offense. (*People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) Such a defect is not waived by the failure to raise it at the pleading stage; instead it may be raised at any time, before or after judgment either directly or collaterally. (*People* v. *Chadd* (1981) 28 Cal.3d 739, 756-757 [170 Cal.Rptr. 798, 621 P.2d 837].)

---

[5]It is true that defendant failed to obtain a certificate of probable cause from the trial court. We disagree with the People's contention that the record does not contain a functional equivalent for such a certificate, however. In *People* v. *Holland* (1978) 23 Cal.3d 77 [151 Cal.Rptr. 625, 588 P.2d 765], the Supreme Court concluded that "[w]hen Penal Code section 1237.5 applies, the failure of the trial court to issue a certificate of probable cause precludes appellate review. However, if the trial court has, by its statements or conduct, in effect certified the appeal, appellate review is proper." (*Id.*, at p. 84, fns. omitted.) Here the trial court made clear that while it did not believe defendant could appeal after the plea, it would not impede him and would allow defendant to attempt to obtain review of his contentions. The court stated: "All I've said is I will not stand in the way, I will make it clear to the Appellate Court that I would sign a certificate of probable cause . . . ." By its statements the lower court in effect certified this appeal. The clerk has prepared the record and we deem it appropriate to grant review.

Even when the accusatory pleading is sufficient on its face,[6] the trial court may nevertheless elect, in its discretion, to conduct a pretrial hearing in order to determine whether as a matter of law the statute of limitations bars the action. (*People* v. *Zamora, supra*, 18 Cal.3d at pp. 563-564, fn. 25.) The *Zamora* court explained that "If it appears possible that the evidence will establish as a matter of law that the period of limitation has run, then judicial economy may be far better served if the issue is resolved at the earliest possible stage of the proceedings rather than waiting until an entire trial on multiple issues is completed. Moreover, the determination of the trial court after such a hearing will be similar to that on a motion for a directed verdict (§§ 1118, 1118.1) without the necessity of first litigating the merits of the case. We conclude therefore that a trial court has within its discretion the power to hold an evidentiary hearing for purposes of determining whether as a matter of law the statute of limitations bars the prosecution. At such a hearing, it may properly be considered whether the reasonable diligence requirement of section 800 has been complied with." (*Id.*, at p. 564, fn. 25.)

■ Where it cannot be said that as a matter of law the statutory period has run, the issue is a question of fact for the trier of fact. The

---

[6]An accusatory pleading which seeks to avoid the bar of the statute of limitations by pleading the "discovery" provision of Penal Code section 800 is facially sufficient when it alleges facts showing "(1) the date on which the offense was 'discovered'; (2) how and by whom the offense was 'discovered'; (3) lack of knowledge, both actual or constructive, prior to the date of 'discovery'; (4) the reason why the offense was not 'discovered' earlier." (*People* v. *Zamora, supra*, 18 Cal.3d at p. 565, fn. 26.)

Both the amended complaint and the information made these discovery allegations: "The crime was discovered in January of 1978 by Jay Davis, a security manager for K-Mart stores. Mr. Davis had a discussion with one Walter Hoffman who told Mr. Davis that he had custody of several weapons which belonged to the defendant. The defendant had recently resigned from K-Mart stores where he had held a position as sporting goods manager. Because there had been an exceptionally large inventory loss in that department, Mr. Davis decided to check the guns. He found that two of them had been stolen from K-Mart.

"He was told by Mr. Hoffman that Mr. Hoffman had heard that the defendant had sold several guns to a dentist. The dentist was contacted and said that he had received several guns from the defendant and gave the names of the persons to whom they were eventually sold. These guns were located and upon examination of records, found to have been stolen.

"Up until that time, K-Mart was unaware that the defendant had been stealing guns.

"Because of his prior position of being the district manager for K-Mart, he was able to allegedly transfer merchandise from one to another. In fact, the merchandise was not shipped, but kept by the defendant. He could then notify the other store that the transfer was cancelled. Because of his executive position, his statements were not questioned." (Full capitalization of surnames omitted.)

These allegations met the requirements of *Zamora* and the pleadings were therefore sufficient on their face.

People bear the burden of proof on the statute of limitations issue and that burden is one of preponderance of the evidence. (*Id.*, at pp. 564-565.) On appeal the issue is tested by the substantial evidence standard. (*Id.*, at p. 565.)

■ These authorities show that the statute of limitations in a criminal action is not subject to a single characterization. It is jurisdictional in the fundamental sense when the accusatory pleading shows on its face that the statutory period has passed. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 Cal.Rptr. 942, 132 A.L.R. 715].) "It follows," the Supreme Court concluded in *People* v. *McGee, supra*, 1 Cal.2d at pages 613-614, "that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone."

Conversely, when the pleading is facially sufficient, the issue of the statute of limitations is solely an evidentiary one. The sufficiency of the evidence introduced on this issue does not raise a question of jurisdiction in the fundamental sense. As the court explained in *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894], "The claimed insufficiency of the evidence before the grand jury [or a magistrate] is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense. Penal Code section 995 gives the defendant the opportunity to challenge the regularity of the grand jury proceedings or the preliminary examination, as well as the existence of probable cause, by motion prior to entering his plea. Penal Code section 996 provides that if such a motion is not made, 'the defendant is precluded from afterwards taking the objections mentioned' in section 995. Numerous decisions of the courts have consistently held that failure to make a timely motion under section 995 constitutes a waiver of any further review of such issues (see, e.g., *People* v. *Harris* (1967) 67 Cal.2d 866, 870 [64 Cal.Rptr. 313, 434 P.2d 609] (lack of counsel at preliminary examination); *People* v. *Dupree* (1957) 156 Cal.App.2d 60, 66 [319 P.2d 39] (lack of probable cause to indict)). Insufficiency of the evidence before the grand jury or at the preliminary examination is 'jurisdictional' in the special procedural sense that the ruling of the trial court may be reviewed by writ of prohibition under Penal Code section 999a. (See *Guerin* v. *Superior Court*

(1969) 269 Cal.App.2d 80, 83 [75 Cal.Rptr. 923].) But the defect is not jurisdictional in the fundamental sense, because, as the cases cited above demonstrate, it is subject to waiver." (See also *People* v. *Hampton* (1981) 116 Cal.App.3d 193, 197 [172 Cal.Rptr. 25], and cases there cited.)

Consequently, "a defendant who has admitted the sufficiency of the evidence by pleading guilty or *nolo contendere* is not entitled to appellate review of the order denying his motion under Penal Code section 995 on the ground that he was committed without reasonable or probable cause." (Italics in original; *People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 692 [101 Cal.Rptr. 193].)

By pleading nolo contendere, defendant admitted the sufficiency of the evidence establishing that the statute of limitations was tolled because the thefts were not, and could not with reasonable diligence have been, discovered before January 1978. Having admitted the sufficiency of that evidence by his plea, he cannot now challenge it with a forked tongue on appeal. In short, a defendant "cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 ...." (*People* v. *Brown* (1971) 18 Cal. App.3d 1052, 1055 [96 Cal.Rptr. 476].)[7]

■ Similarly, the erroneous denial of a right to pretrial diversion does not divest the court of jurisdiction in the fundamental sense. A court retains the power to sentence a convicted defendant even though it has abused its discretion by denying the diversion. That denial does however implicate "other grounds going to the legality of the proceedings." (Pen. Code, § 1237.5.) As the Supreme Court explained in *People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308], "Although on such an appeal [after a plea of guilty or nolo contendere] the merits of the issue of guilt or innocence are not reviewable (*Stephens* v. *Toomey* (1959) 52 Cal.2d 864, 870 [338 P.2d 182]), both before and after the enactment of section 1237.5, the constitutional, ju-

---

[7]The fact that defendant obtained (in effect) a certificate of probable cause does not erase this waiver and somehow resuscitate a dead issue. "The issuance of a certificate of probable cause pursuant to section 1237.5 does not operate to expand the grounds upon which an appeal may be taken as that section relates only to the 'procedure in perfecting an appeal from a judgment based on a plea of guilty.' [Citations.]" (*People* v. *DeVaughn, supra*, 18 Cal.3d at p. 896.) Consequently, "[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty. [Citation.]" (*People* v. *Hayton* (1979) 95 Cal.App.3d 413, 416 [156 Cal.Rptr. 426].)

risdictional and other errors referred to in that section have been reviewed." Hence, while "a plea of guilty [or nolo contendere] admits all matters essential to the conviction" (*People* v. *DeVaughn, supra*, 18 Cal.3d at p. 895), a conviction is not a predicate to diversion eligibility. "At no time shall a defendant be required to make an admission of guilt as a prerequisite for placement in a pretrial diversion program." (Former Pen. Code, § 1001.3; see also *Parra* v. *Municipal Court* (1978) 83 Cal.App.3d 690, 694-695 [148 Cal.Rptr. 203].)

Pretrial diversion instead "refers to the procedure of postponing prosecution either temporarily or permanently" (former Pen. Code, § 1001.1) and, like drug abuse diversion proceedings, "has the twofold purpose of (1) sparing appropriately selected first-offenders the stigma of a criminal record by prompt exposure to community educational and counseling programs and (2) relieving the congested criminal courts of some relatively minor . . . prosecutions." (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 157 [118 Cal.Rptr. 14, 529 P.2d 46].) A diverted defendant who successfully performs is entitled to have the criminal prosecution dismissed. "If the divertee has performed satisfactorily during the period of diversion, the criminal charges shall be dismissed at the end of the period of diversion." (Former Pen. Code, § 1001.7.) Moreover, "[u]pon successful completion of a diversion program, the arrest upon which the diversion was based shall be deemed to have never occurred." (Former Pen. Code, § 1001.9.)

Since a factually guilty but otherwise eligible defendant is entitled to be diverted, his plea of guilty cannot be deemed a waiver of his asserted but denied right to diversion.[8] We hold therefore that the wrongful denial of pretrial diversion constitutes "other grounds going to the legality of the proceedings" (Pen. Code, § 1237.5), and may be raised on appeal by a certificate of probable cause after a plea of guilty or nolo contendere. (See *People* v. *Fulk* (1974) 39 Cal.App.3d 851 [114 Cal.Rptr. 567] (defendant who pled guilty entitled to appellate review of the determination that he was ineligible for drug abuse diversion).)

---

[8] In *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412], the Supreme Court held that the propriety of pretrial diversion (in that case for drug offenses, Pen. Code, § 1000 et seq.), is not subject to pretrial review through writ of mandate or prohibition but is reviewable only by appeal after conviction. That holding was based in part upon the fact that the district attorney's determination of eligibility under Penal Code section 1000 was not a judicial act. The court further held, however, that "[a] pretrial writ of mandate or prohibition will not lie, as the determination is purely preliminary and there is no indication the Legislature intended the prosecution

## II

■ Having determined that the diversion issue is reviewable, we now turn to the merits of that issue. Defendant contends that the trial court erred in refusing to consider whether he should have been placed in a pretrial diversion program pursuant to Penal Code section 1001 et seq.

Chapter 2.7, of title 6, of part 2, of the Penal Code (commencing with § 1001) is entitled "Diversion."[9] That chapter, which was repealed effective January 1, 1982, by its own terms (§ 1001.11), is at first brush a somewhat ambiguous piece of legislation. Section 1001 provides that it is the intent of the Legislature that chapter 2.7 shall not be construed to preempt other current or future pretrial or precomplaint diversion programs. Section 1001.1 defines pretrial diversion as the procedure of postponing prosecution either temporarily or permanently at any point in the criminal process from the time the defendant is charged until adjudication. Section 1001.2 states that chapter 2.7 is not applicable to any pretrial diversion program relating to persons convicted under section 23102 of the Vehicle Code, or to diversion programs established pursuant to chapter 2.5, relating to narcotics and drug abuse offenses. The remainder of the provisions of chapter 2.7 establish certain procedural matters in a diversion program. (§ 1001.3—admission of guilt not required; § 1001.4—right to hearing before termination of diversion for cause; § 1001.5—inadmissibility of statements made in connection with determination of eligibility for diversion; § 1001.6—exoneration of bail bond or undertaking; § 1001.7—dismissal on performance of diversion; § 1001.8—records to indicate disposition; § 1001.9—arrest deemed not to have occurred.)

to be interrupted for interlocutory review of this issue (compare Pen. Code, §§ 999a, 1538.5)." (*Id.*, at p. 75.)

The *Sledge* decision consequently cast doubt on whether defendant could have obtained review by extraordinary writ of an erroneous denial of the newly enacted nondrug diversion under Penal Code section 1001 et seq. It would be inimical to judicial economy to require a defendant to participate in a contested trial in order to preserve his right to review of the pretrial diversion issues when he does not in fact contest his guilt but only contends that he is a proper subject to pretrial diversion. In this sense the erroneous denial of pretrial diversion should be considered a matter going to the legality of the proceedings. If the defendant has a legal right to pretrial diversion, then the court should not proceed to trial.

[9]This chapter was enacted in 1977. (Stats. 1977, ch. 574, § 2, p. 1819.) Earlier in 1972, the Legislature enacted, as chapter 2.5 (Pen. Code, §§ 1000-1000.4) of that same title, an innovative diversion program entitled "Special Proceedings in Narcotics and Drug Abuse Cases." (Stats. 1972, ch. 1255, § 17, p. 2469.) Later, in 1980, the Legislature enacted, as chapter 2.8 of that title, a new program for "Diversion of Mentally Retarded Defendants." (Stats. 1980, ch. 1253, § 1, p. 4232.)

It can be seen that chapter 2.7 does not contain any provisions relating to the types of offense which may be subject to diversion, the considerations in determining whether diversion is proper, the procedure to be employed, or any other provisions which may be construed as establishing a right to diversion. Defendant nevertheless argues that chapter 2.7 must be construed to create a diversion program and corresponding right to apply and be considered for diversion.

We disagree. Chapter 2.7 was enacted by the Legislature as part of an emergency measure relating to diversion programs. In stating the facts constituting the emergency the Legislature declared: "The status of existing local pretrial diversion programs has been placed in doubt by an Attorney General opinion stating that these programs have no statutory basis for existence and that the Legislature has preempted the subject. Consequently, some programs have had their funding held up and for others the district attorney's office is hesitant to cooperate with proposed or current programs." (Stats. 1977, ch. 574, § 3, p. 1821.) This statement indicates that the Legislature's intent in enacting chapter 2.7 was not to create a statewide diversion program, but rather was to authorize the continuation and creation of local diversion programs. This interpretation is supported by section 1001.10 (repealed in Stats. 1979, ch. 775, § 1, p. 2658), which mandated reporting by counties or cities operating diversion programs with regard to the implementation, administration and operation of such programs, including such matters as the criteria for diversion, the agencies involved, the offenses involved, the success of the program and funding sources.

When chapter 574 of the Statute of 1977 is read as a whole it is plain that section 1001 of the Penal Code does not establish a diversion program. It merely averts preemption questions and authorizes the enactment or continuation of local diversion programs.[10] The remaining sections of chapter 2.7 simply govern the effect participation in such local diversion programs will have on further prosecution. We therefore agree with the assessment of the court in *People* v. *Tapia* (1982) 129 Cal. App.3d Supp. 1, 7 [181 Cal.Rptr. 382], that ". . . the Legislature has made clear its intention that its previously enacted diversion programs, and any to be enacted in the future, should not be deemed to express a legislative purpose of preempting the field of diversion, that any diversion programs established should meet the criteria set forth in Chapter 2.7, but that those same criteria have no application to existing diver-

---

[10]For a comprehensive analysis of the law of preemption, see Blease, *Civil Liberties and the California Law of Preemption* (1966) 17 Hastings L.J. 517.

sion programs established under the Vehicle Code and by Chapter 2.5." We further agree with the court "... that Chapter 2.7 is not a general grant of authority to trial courts to grant diversion to a defendant, outside a diversion program mandated by the state or by local government, and over the objection of the prosecuting attorney, but instead is an authorization to local governments to institute diversion programs on an experimental basis." (*Id.*, at p. 9, fn. omitted.) Accordingly, the trial court did not err in concluding that section 1001 does not give defendant a right to participate in a diversion program.

The judgment (order of probation) is affirmed.

Puglia, P. J., and Blease, J., concurred.