Opinion
THE COURT.*
DISCUSSION
Prior to the commencement of trial in this matter, the People (Respondent) offered to refer Mr. Samuel Anderson (Appellant) to the San Francisco pretrial diversion program. Under the terms of the program, criminal charges are dismissed upon successful completion of the program by the divertee. (Pen. Code, § 1001.7.)
Appellant rejected Respondent’s pretrial offer but requested to be sent to pretrial diversion on the day of trial. The trial court refused to resurrect the offer, stating that when a case is sent out for trial it is the court’s policy per the presiding judge that the case is on for trial and is not to be settled, but tried. The matter proceeded to trial and Appellant was convicted by a jury of a violation of Penal Code sections 484, subdivision (a), and 490.5.
A court has inherent power to make policies and rules to manage its business in an orderly and efficient manner. The presiding judge is responsible for “leading the court, establishing policies, and allocating resources in a manner that promotes access to justice for all members of the public, provides a forum for the fair and expeditious resolution of disputes, maximizes the use of judicial and other resources, increases efficiency in court operations, and enhances service to the public.” (Cal. Rules of Court, rule 10.603(a) (Rule 10.603).) The presiding judge is further responsible for “[e]nsuring the effective management and administration of the court, consistent with any rules, policies, strategic plan, or budget adopted by the Judicial Council or the court.” (Rule 10.603(a)(1).)
The Presiding Judge of the San Francisco Superior Court has established a policy that, once matters are sent out for trial, pretrial offers are no longer available and, barring extraordinary circumstances, the matter must *Supp. 11 proceed to trial. The rule enables the presiding judge to manage the trial calendar efficiently and minimize wasted resources, including juror time, pursuant to Rule 10.603(a). “ ‘Effective criminal case management requires that the prosecutor and the judges institute the policies needed to ensure that, barring extraordinary circumstances, the best sentencing deals are available early in the life of a case.’ ” (Alvarez v. Superior Court (2010) 183 Cal.App.4th 969, 976 [7 Cal.Rptr.3d 671].) That all offers expire on the day of trial barring extraordinary circumstances is not, as Appellant claims, a punishment for defendants, but rather an exercise of the court’s inherent powers to conduct its business in an orderly and efficient fashion.
The statutory schema contemplates that district attorneys may make an institutional decision whether or not to set up a diversion program, and will then draft criteria. Once those are met, the defendant is eligible. (Pen. Code, § 1000.1.) Relying on Morse v. Municipal Court (1974) 13 Cal.3d 149 [8 Cal.Rptr. 14, 529 P.2d 46], Appellant contends there is no discretion on the part of the court but to refer him to diversion, overriding the inherent powers discussed above. “Section 1000.1 expressly states that ‘[i]f the defendant consents and waives his right to a speedy trial the district attorney shall refer the case to the probation department. . . .’ (Morse v. Municipal Court, supra, 13 Cal.3d 149, 156, italics added.)
But Morse, which relies on a purely statutory exegesis, cannot possibly be on point because the statute here is different. The statute which applies is current Penal Code section 1001.1. While it is terse, nothing suggests that it inhibits the exercise of the power of either the presiding, supervising, or trial judges as applied in this case. Penal Code section 1001.1 does provide the definition of pretrial diversion, but that alone does not tell us when a defendant has a right to it at any given point in time. The statute merely authorizes various types of diversions but is not itself a source of entitlement: “[S]ection 1001 does not give defendant a right to participate in a diversion program.” (People v. Padfield (1982) 136 Cal.App.3d 218, 231 [5 Cal.Rptr. 903].)
As other cases note, the statute contemplates diversion will be evaluated (if at all) before a case is sent out for trial, specifically before trial is “contemplated”:
“On the other hand, we cannot agree with the Department’s position that persons in diversion and deferred entry of judgment programs are ‘awaiting trial.’ The purpose of those programs is precisely to avoid the necessity of a trial. . . .
“Pretrial diversion is ‘the procedure of postponing prosecution of an offense . . . either temporarily or permanently at any point in the judicial *Supp. 12 process from the point at which the accused is charged until adjudication.’ (Pen. Code, § 1001.1; see also §§ 1001.50, subd. (c), 1001.70, subd. (b).) . . . Given that a trial is not contemplated without first holding a termination hearing, which is itself contingent on the person’s performance, it cannot reasonably be said that persons in diversion programs are ‘awaiting trial.’ ” (Gresher v. Anderson (2005) 127 Cal.App.4th 88 [111 Cal.Rptr.3d 408], italics added.)
Given that one of the two key rationales for diversion programs is “relieving the congested criminal courts of some relatively minor . . . prosecutions” {People v. Padfield, supra, 136 Cal.App.3d 218, 228), it would be incongruous for us to adopt Appellant’s view of the governing statute, a view which would seriously interfere with the presiding judge’s ability to manage congestion in the criminal courts.
Here the People offered pretrial diversion. Appellant rejected it. The People need do no more, and the court is under no obligation to have diversion offered again on the day of trial.
DISPOSITION
For the foregoing reasons, the judgment is hereby affirmed.

Bolanos, P. J., Karnow, J., and McCarthy, J.