Filed 12/13/13  P. v. Gaytan CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065828 |
| v. | (Super. Ct. No. 12CM2200) |
| DANIEL FRANCISCO GAYTAN, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Franson, J., and Peña, J.

Appellant, Daniel Francisco Gaytan, pled no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted allegations that he had a prior conviction within the meaning of the three strikes law (Pen. Code,[1] § 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we determined that the trial court did not impose a mandatory parole revocation restitution fine. We will modify the judgment to include this fine and affirm the judgment as modified.

### FACTUAL AND PROCEDURAL HISTORY

On June 23, 2012, Gaytan was a backseat passenger in a car that Hanford police officers stopped to conduct a warrant arrest. After Gaytan and the other occupants were removed from the car, the officers obtained the owner's consent to search it. In the backseat where Gaytan had been sitting, the officers found a pair of blue jeans. In one pants pocket, the officers found a wallet containing Gaytan's license. In another pocket, they found a bindle containing .04 grams of methamphetamine hidden in a pack of cigarettes.

On July 17, 2012, the district attorney filed an information charging Gaytan with possession of methamphetamine and having a prior conviction within the meaning of the three strikes law.

On August 3, 2012, Gaytan pled guilty to the possession of methamphetamine charge and admitted the three strikes allegation in exchange for a stipulated 32-month prison term, the mitigated term of 16 months, doubled because of Gaytan's prior strike conviction.

---

[1] All further statutory references are to the Penal Code.

2

On September 17, 2012, after denying Gaytan's *Marsden*[2] motion and his request to withdraw his plea, the court sentenced him pursuant to his negotiated plea to a 32-month prison term.

On September 20, 2012, Gaytan filed a timely notice of appeal. However, he did not obtain a certificate of probable cause (§ 1237.5).

Gaytan's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in two documents filed in this court on January 24, 2013, and February 13, 2013, Gaytan raises several contentions that we consider seriatim.

Gaytan contends his defense counsel provided ineffective representation by his failure to inform Gaytan that he would be receiving a second strike under his plea bargain. However, Gaytan's possession of methamphetamine conviction does not qualify as a prior conviction under the three strikes law (§ 667, subd. (d)(1)) because it is neither a serious felony (§ 1192.7, subd. (c)), nor a violent felony (§ 667.5, subd. (c)). Thus, there is no merit to Gaytan's ineffective assistance of counsel claim.

Gaytan contends he has been unable to earn any conduct credit in prison because he was placed in administrative segregation for being a validated gang member. He further contends the trial court did not advise him he would not be able to earn conduct credit in prison and had he known this, it would have been a big factor in his decision whether to accept the plea bargain. Gaytan asks this court to advance his parole date six months so that he will receive the benefit of his plea bargain.

Section 1237.5 provides that a defendant may not appeal "from a judgment of conviction upon a plea of guilty or nolo contendere" unless the defendant has applied to

---

**2**      *People v. Marsden* (1970) 2 Cal.3d 118.

3

the trial court for, and the trial court has executed and filed, "a certificate of probable cause for such appeal." (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1095.) "It has long been established that issues going to the validity of a plea require compliance with section 1237.5. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

Gaytan's contention that he was not advised he would be unable to earn conduct credit in prison appears to challenge the validity of his plea. Therefore, it is not cognizable on appeal because Gaytan did not obtain a certificate of probable cause and for the additional reason that it relies on facts outside the record. (*People v. Cooks* (1983) 141 Cal.App.3d 224, 310.)

Gaytan contends that upon his arrival in prison a $1,000 parole revocation fine "was brought up from [his] last case" and he asks this court to suspend the fine because he does not have the ability to pay it. However, issues relating to the imposition and collection of a $1,000 parole revocation fine in a prior case are not cognizable on appeal from the instant case because, in addition to relying on facts outside the record, they have nothing to do with the instant case and should have been raised in an appeal from the prior case.

Gaytan's final contention is that he qualified for and should have been granted deferred entry of judgment pursuant to section 1000. This contention is not cognizable on appeal because it too challenges the validity of his plea and Gaytan did not obtain a certificate of probable cause. (*People v. Padfield* (1982) 136 Cal.App.3d 218, 227-228.)

However, our review of the record disclosed that the court failed to impose a mandatory parole revocation restitution fine. Section 1202.45, subdivision (a) provides:

> "(a)     In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4*. [¶] ... [¶]

"(c)     The fines imposed pursuant to subdivision[] (a) ... shall be suspended unless the person's parole, ... is revoked."  (Italics added.)

Although the trial court imposed a $480 restitution fine, it did not impose a parole revocation restitution fine in the same amount.  Therefore, we will modify the judgment to include this mandatory fine.

Further, following an independent review of the record, we find that with the exception of the issue discussed above, no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is modified to include a parole revocation restitution fine in the amount of $480.  The trial court is directed to prepare an abstract of judgment that includes this fine and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.