Filed 9/18/24  P. v. Embry CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B332695 |
| Plaintiff and Respondent, | (Super. Ct. No. BA510806) (Los Angeles County) |
| v. | |
| CHARLES EMBRY, | |
| Defendant and Appellant. | |

Charles Embry appeals from the judgment after he pleaded no contest to one count of making a criminal threat (Pen. Code,[1] § 422, subd. (a)).  He contends the trial court erred in finding him unsuitable for pretrial mental health diversion pursuant to section 1001.36.  The Attorney General contends the appeal should be dismissed because Embry did not obtain the requisite certificate of probable cause.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Robinson* (2024) 100 Cal.App.5th 133, 136

---

[1] Further unspecified statutory references are to the Penal Code.

(*Robinson*).) We agree with the Attorney General and dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

Embry was charged with making a criminal threat (§ 422, subd. (a).) He filed a motion for pretrial mental health diversion pursuant to section 1001.36. The trial court denied his motion, finding him eligible but not suitable for mental health diversion. The court found that Embry could not be treated safely in the community based on his criminal history.

Thereafter, defense counsel stated, "[I]n light of [the denial of diversion], the People had made an offer . . . for Mr. Embry to be placed on probation . . . and I believe Mr. Embry is willing to agree to that and enter a plea of no contest." Embry then pleaded no contest to making a criminal threat (§ 422, subd. (a)). Pursuant to a plea agreement, the trial court granted the People's motion to dismiss Embry's two prior strikes and Embry was placed on probation for two years with various conditions, including that he enroll in and complete a 90-day residential treatment program, followed by a six-month outpatient program.

Embry filed a notice of appeal from the order denying his motion for health diversion. He did not obtain a certificate of probable cause.

## DISCUSSION

Pursuant to section 1237.5 and California Rules of Court, rule 8.304(b), no appeal may be taken from a judgment from a no contest plea unless (1) a defendant has filed "a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and (2) the trial court has executed and filed a certificate of probable cause for such an appeal. Issues pertaining to the validity of a plea require

2

compliance with section 1237.5. (*People v. Buttram* (2003) 30 Cal.4th 773, 781 (*Buttram*).) Without a certificate of probable cause, "the appellate court lacks authority . . . to consider the claim" and the court must order dismissal. (*People v. Espinoza* (2018) 22 Cal.App.5th 794, 797; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099.)

However, a certificate of probable cause is not required for an appeal based on or from the "sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (Cal. Rules of Court, rule 8.304 (b)(2)(B).) " 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citations.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]' [Citation.]" (*Buttram, supra*, 30 Cal.4th at p. 781.)

In *Robinson*, the appellant raised an ineffective assistance of counsel claim based on his counsel's failure to request pretrial mental health diversion. The Court of Appeal dismissed the appeal on the ground that the appellant had not obtained a certificate of probable cause. (*Robinson, supra*, 100 Cal.App.5th at p. 135.) In concluding that a certificate of probable cause was required, the court relied on our Supreme Court's decision in *People v. Braden* (2023) 14 Cal.5th 791 (*Braden*). *Braden* held that a request for mental health diversion must be made before the attachment or jeopardy at trial or the entry of a guilty or no contest plea. (*Braden*, at p. 819.) In the wake of *Braden*,

3

*Robinson* reasoned that "an attorney's failure to request pretrial mental health diversion cannot, by definition, be a 'matter occurring after the plea' " that is appealable without a certificate of probable cause. (*Robinson*, at p. 136; Cal. Rules of Court, rule 8.304(b)(2)(B).) Accordingly, the appellant's claim on appeal required a certificate of probable cause because the grounds for appeal arose before he entered his plea. (*Robinson*, at p. 136.)

We agree with the reasoning in *Robinson*. A grant of mental health diversion postpones the prosecution of criminal charges, and a defendant who satisfactorily performs in diversion is entitled to have their charges dismissed. (§ 1001.36, subds. (f) & (h).) It follows that had Embry's request for diversion been granted, he would not have entered a no contest plea. Defense counsel noted that "in light of [the court's denial of diversion]" Embry was "willing to agree" to the plea offer. His claim of error on appeal thus implies that his subsequent plea was induced by error, rendering it invalid when entered. (See *People v. Padfield* (1982) 136 Cal.App.3d 218, 228 ["wrongful denial of pretrial diversion constitutes 'other grounds going to the legality of the proceedings' (Pen. Code, § 1237.5), and may be raised on appeal" if a certificate of probable cause was obtained].) Therefore, we conclude Embry's claim on appeal is "*in substance* a challenge to the validity of the plea" and subject to the requirements of section 1237.5. (*Buttram*, *supra*, 30 Cal.4th at p. 782; see *Robinson*, *supra*, 100 Cal.App.5th at p. 136, fn. 2.)

Embry urges us to follow *People v. Hill* (2021) 59 Cal.App.5th 1190. In *Hill*, the appellant contended his counsel rendered ineffective assistance for failure to request a hearing on his eligibility for pretrial mental health diversion. (*Id.* at pp. 1192-1193.) The Court of Appeal held that "no certificate of

4

probable cause was required" because the claim did "not attack the validity of [the] plea and instead challenge[d] the trial court's sentencing discretion relating to the application of section 1001.36." (*Id.* at p. 1195.) We respectfully disagree with *Hill* that the claim did not attack the validity of the plea. As explained in *Robinson, supra,* 100 Cal.App.5th at p. 136, *Hill* was decided before *Braden, supra,* 14 Cal.5th 791, and *Braden* implicitly abrogated *Hill* as to its interpretation that a request for mental health diversion is a sentencing matter occurring after the plea. (*Robinson,* at p. 136 & fn. 2.)[2]

Embry acknowledges *Robinson* but contends that it was decided after he filed his notice of appeal. He asserts that *Hill* was governing law at the time and that it would be unfair to apply *Robinson* here. We are unpersuaded. *Braden* implicitly abrogated *Hill* (*Robinson, supra,* 100 Cal.App.5th at p. 136), and *Braden* was decided on June 5, 2023, before Embry filed his notice of appeal on July 25, 2023. Thus, Embry was on notice that reliance on *Hill,* would, at best, be questionable.

Moreover, *Hill* is distinguishable from our case. Unlike the defense counsel in *Hill,* Embry's counsel requested pretrial mental health diversion, and the trial court denied the request after a hearing. Only after that denial did Embry consider and accept the prosecution's probationary plea offer and dismissal of his two strike priors. The trial court then imposed the negotiated sentence—two years' probation. Under these circumstances, where the court imposed the negotiated sentence, we reject

---

[2] After briefing was completed, *People v. Moore* (2024) 104 Cal.App.5th 90 was decided. *Moore,* which was authored by the same justice who authored *Hill,* recognized that *Hill* had been implicitly abrogated by *Braden.* (*Moore,* at p. 94.)

Embry's claim of error as one relating to the court's sentencing discretion not subject to the requisite certificate of probable cause.

Embry also relies on *People v. Oglesby* (2008) 158 Cal.App.4th 818, but that case is distinguishable. In *Oglesby*, the defendant appealed on the ground that the trial court failed to hold a mental competency hearing *after he entered his plea* but before sentencing. (*Id*. at p. 827.) The Court of Appeal held that no certificate of probable cause was required because defendant's appeal concerned a postplea question. It noted that the only issue raised was "whether the court should have halted the proceedings to determine if he would be able to understand the nature of the sentencing proceedings in the future. He does not seek to set aside the plea, or his bargained for six-year sentence." (*Ibid*.) Unlike *Oglesby*, Embry's appeal of the denial of mental health diversion concerns a preplea question. (*Braden, supra*, 14 Cal.5th at p. 819.) Thus, a certificate of probable cause was required for appeal. (*Robinson, supra*, 100 Cal.App.5th at p. 136.)

Lastly, Embry claims that counsel's failure to obtain a certificate of probable cause constituted ineffective assistance of counsel. But if " ' " the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Because the record here sheds

6

no light as to why counsel did not seek a certificate of probable cause, we reject the ineffective assistance of counsel claim.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Richard S. Kemalyan, Judge

Superior Court County of Los Angeles

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Ana R. Duarte and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.