Filed 10/16/25  P. v. Nunn CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES PATRICK NUNN,<br><br>    Defendant and Appellant. | A171879<br><br>(San Mateo County Super. Ct. No. 24-SF-005777-A) |

James Patrick Nunn filed this appeal after pleading nolo contendere to failing to register as a sex offender under Penal Code section 290.011, subdivision (b).[1]  His appointed appellate counsel has filed a brief raising no issues but seeking our review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Our independent review of the record reveals no arguable issues, so we affirm.

**BACKGROUND**

**A.**

Section 290.011, subdivision (a), requires that a person with a prior conviction for a sex offense who is living as a "transient" must register with law enforcement in the city or county where the person is present every 30 days.  (See also §

---

[1] Undesignated statutory references are to the Penal Code.

1

290, subd. (c).) As relevant here, if such a transient person moves to a "residence," the person must register with the chief of police of the city in which the person is residing within five working days. (§§ 290.011, subd. (b), 290, subd. (b).) A transient is "a person who has no residence." (§ 290.011, subd. (g).) A residence is defined as "one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles." (*Ibid*.) A person required to register based on a felony conviction who willfully violates the registration requirements is guilty of a felony. (§ 290.018, subd. (b).)

**B.**

A felony information charged Nunn, a person required to register based on a prior felony sex offense conviction, with a single count of being a transient who failed to re-register after moving to a residence, in violation of section 290.011, subdivision (b). The information also alleged that Nunn had 14 prior felony convictions rendering him ineligible for probation under section 1203, subdivision (e)(4). In addition, the information alleged that he had been convicted of seven prior serious and/or violent felonies, making harsher sentences applicable under section 1170.12, subdivision (c)(1), and section 667, subdivisions (b) through (j).

At the preliminary hearing, the People put on evidence that Nunn had last registered on March 19, 2024 with the San Mateo County Sheriff's Office. At that time, Nunn told the employee who took his registration report, Kelly Wong, that he had moved into a Navigation Center with an address in Redwood City. Nunn had moved to the Navigation Center in late February. Wong informed Nunn that "if he was going to be staying as [a] transient he had 30 days until his next registration; however,

because he was moving to an address[,] he needed to register immediately." Nunn did not register his residence at the Navigation Center with the Redwood City Police Department until late April.

Nunn moved to set aside the information under section 995, arguing that there was insufficient evidence to support probable cause that he knew that he had to register within five days of moving to the Navigation Center. Nunn asserted that he was used to registering every 30 days as a transient, that he complied with the registration requirement for transients, and that he was "confused" about what Wong had told him about needing to register after his move to the Navigation Center. In addition, he argued that it was unclear whether the Navigation Center qualified as a residence. The trial court denied the motion, concluding that there was sufficient evidence that Nunn's failure to register was willful based on the instruction given by Wong and Nunn's signing of the registration forms, which list the applicable requirements.

Subsequently, Nunn pled nolo contendere to a violation of section 290.011, subdivision (b). He signed a waiver of rights form indicating that he had discussed the charge with his attorney, his attorney had advised him of his constitutional rights, he understood that he was giving up those rights by pleading nolo contendere, and his plea was given freely and voluntarily. He also indicated that he understood that his nolo contendere plea was the equivalent to a guilty plea. Nunn's agreement to the plea was based on the understanding that he would receive a sentence of two years of felony probation with 40 days in jail and nine days of custody credit, along with a referral to an Alternative Sentencing Bureau program.

At the plea hearing, Nunn confirmed that he read, understood, and signed the waiver form and discussed it with his attorney. After the court advised him as to his constitutional

rights, Nunn stated that he understood his rights and that by entering his nolo contendere plea, he was giving up those rights. Nunn affirmed that he was not threatened or forced into entering the plea. After Nunn pled no contest, his attorney concurred in the plea and stipulated to a factual basis for the plea based on his "[i]ndependent investigation." The court found that Nunn's waiver of his rights was "free, knowing, and intelligent" and found him guilty based on his plea and the stipulated facts. The court sentenced Nunn to the agreed upon sentence of two years of supervised felony probation with 40 days in jail and nine days of custody credit, and a referral to the Alternative Sentencing Bureau, plus a $300 restitution fee, a $70 court fee, and a $300 probation revocation fee that was stayed pending successful completion of probation. The court then granted the People's motion to dismiss the remaining allegations based on Nunn's prior felony convictions.

## DISCUSSION

Nunn's appellate counsel advised him of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review, but Nunn has not filed any such brief. We have independently reviewed the record and have found no arguable issues.

Nunn voluntarily pled no contest to a violation of Penal Code section 290.011, subdivision (b), after being advised of his rights and acknowledging and waiving them. As a result of his plea, he is foreclosed from challenging the denial of his section 995 motion. (See *People v. Padfield* (1982) 136 Cal.App.3d 218, 227 [holding that a defendant's nolo contendere plea precludes appellate review of denial of a section 995 motion because such a plea admits the sufficiency of the evidence]; see also *People v. Truman* (1992) 6 Cal.App.4th 1816, 1820-1821.) Further, without a certificate of probable cause, he may not appeal on any grounds that affect the validity of his plea. (Cal. Rules of Court,

4

rule 8.304(b)(1)(A), (b)(3).)  Although no certificate is required for challenges to the sentence (*id.*, rule 8.304(b)(2)(B)), Nunn was sentenced by the same judicial officer who took his plea (see *People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757) and he received the sentence to which he agreed.  The fines and fees imposed by the court were authorized (Pen. Code, §§ 1202.4, subd. (b), 1202.44, 1465.8; Gov. Code, § 70373), and Nunn asserted no challenges to them.

## DISPOSITION

The judgment is affirmed.


BURNS, J.

WE CONCUR:


JACKSON, P. J.
SIMONS, J.

*P. v. Nunn (A171879)*