Filed 4/30/26  P. v. Ortiz CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B344730 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA516855) |
| v. | |
| JULIO ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette Verastegui, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Appellant Julio Ortiz appeals his conviction following a no contest plea to one count of second degree robbery. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Ortiz's appellate counsel requested that we review the record and determine whether any arguable issues exist. We have reviewed the entire record and find no arguable issues. We affirm.

## BACKGROUND[1]

On December 3, 2024, the District Attorney filed a one-count information charging Ortiz with second degree robbery in violation of Penal Code section 211.[2] The information further alleged one prior felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), three prior felony convictions which rendered Ortiz presumptively ineligible for probation under section 1203, subdivision (e)(4), and three aggravating circumstances.[3] Ortiz pleaded not guilty to the charge and denied the allegations.

---

[1] Because the appeal does not raise any issues concerning the facts of the underlying offense, the opinion does not include a statement of facts.

[2] All further statutory references are to the Penal Code.

[3] The District Attorney alleged aggravating circumstances for having prior convictions or sustained juvenile petitions that are numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)), serving a prior prison term or county jail term under section 1170, subdivision (h) (Cal. Rules of Court, rule 4.421(b)(3)), and engaging in violent conduct in committing the charged offense that indicates a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)).

On February 6, 2025, the trial court denied Ortiz's motion to set aside the information pursuant to section 995. On February 25, 2025, Ortiz pleaded no contest to second degree robbery (§ 211; count 1) and admitted the aggravating circumstance that he served a prior prison term or county jail term under section 1170, subdivision (h) (Cal. Rules of Court, rule 4.421(b)(3)). Prior to his no contest plea, Ortiz waived his constitutional rights, including his right to a trial, both on a written form[4] and verbally in open court.

The trial court imposed the upper term of five years in state prison, suspended execution of the sentence, and placed Ortiz on two years of formal probation. The court ordered that Ortiz comply with all conditions of probation, including paying victim restitution, staying away from the location of the incident, and reporting to the Probation Department. Ortiz acknowledged his understanding of the terms and conditions of probation and accepted them. The court awarded presentence credit of 19 actual days and 18 days of conduct credit. The court also imposed statutorily mandated fines and fees.

Ortiz filed a timely notice of appeal.

---

[4]     A "Plea form, with explanations and waiver of rights" was filed with the court on the date of the plea and sentencing.

## DISCUSSION

### Independent Review Pursuant to *People v. Wende*

We appointed counsel to represent Ortiz on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d at p. 441.) Counsel advised Oritz of the right to file a supplemental brief within 30 days from the date that he filed the opening brief. Ortiz did not file a supplemental brief.

When Ortiz filed a notice of appeal, he requested a certificate of probable cause. The superior court denied the request.[5] Ortiz's plea and the lack of a certificate of probable cause limit the potential scope of his appeal. At appellate counsel's request, we take judicial notice of this court's order issued on April 9, 2025 that "[t]his appeal, initiated by the notice filed on March 10, 2025, is limited to issues that do not require a Certificate of Probable Cause."

We have examined the entire record. We are satisfied that no arguable issues exist, particularly those cognizable without a certificate of probable cause.[6] We conclude that Ortiz's appellate

---

[5] Counsel requested a certificate of probable cause because the no contest plea "was entered only after decisions to hold the defendant to answer . . . at the preliminary hearing and denial of a Penal Code section 995 motion."

[6] In the notice of appeal, trial counsel stated that he based the appeal on the magistrate's "[d]ecision to hold defendant to answer at the preliminary hearing . . . and denial of Penal Code section 995 motion." Ortiz's no contest plea precludes review of

4

counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

We affirm the judgment.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

HANASONO, J.

We concur:

EDMON, P. J.

EGERTON, J.

---

his motion to set aside the information pursuant to section 995. (§ 1237.5; *People v. Padfield* (1982) 136 Cal.App.3d 218, 227.)